OPINION. Black, Judge: The Commissioner in stating in his deficiency notice that he was including in petitioner’s income for each of the taxable years the net income of the eight trusts created by petitioner on December 8,1931, did not state what section of the statute he relied upon in making his determination. However, respondent in his brief states that he relies upon section 22 (a) of the applicable internal revenue acts and the rationale of Helvering v. Clifford, 309 U. S. 331. Respondent further states in his brief that if the Tax Court should hold that the Clifford decision and the related cases cited in the argument are not controlling and that respondent’s determination is supported only by Helvering v. Stuart, 317 U. S. 154, “it is requested that the Court make specific findings of fact and of law in this regard so that the respondent may determine whether relief should be afforded petitioner under Section 134 of the Revenue Act of 1943 and the Regulations promulgated thereunder, upon application therefor, and upon compliance by petitioner with the terms of said Act and Regulations.” We shall first determine whether Helvering v. Clifford, supra, is controlling. In support of his contention that petitioner retained such control over the trust properties as to be virtually the owner thereof, and therefore the income of the properties is taxable to the petitioner under section 22 (a), the respondent cites the following alleged powers and duties of petitioner as trustee under the terms of the trust indentures: 1. The custody of the indentures of trust, 2. The sole custody of all principal assets of the eight trusts, 3. The exclusive right to vote the shares of stock comprising the principal asset of the eight trusts, 4. The duty to keep all books and records of the eight trusts, which duty he did perform, 5. The duty to invest all income of the eight trusts since none of the income of these trusts was used by his wife for the maintenance and support of his eight children, 6. The custody of all securities purchased with the income of these trusts, and 7. The right to sell and dispose of all or any part of the trust assets for such prices and on such terms as he, and he alone, may deem fit and proper. As a matter of fact, petitioner did not have as trustee the duties and powers enumerated in 5 and 6 above. These were conferred exclusively upon Lillian S. Whiteley, the wife of petitioner and the mother of the eight children. However, it is true, of course, that in the matters covered by 5 and 6 above there was close cooperation between petitioner and Lillian S. Whiteley, and if on this account it be assumed that all seven of the enumerated paragraphs above are applicable to petitioner as the settlor of the trusts, they still would not be sufficient to make the income of the trusts taxable to him under section 22 (a). Such powers of direction and control mentioned in said paragraphs were administrative in character and of the kind usually conferred upon a trustee to be exercised in his fiduciary capacity. The conclusion reached by us in W. G. Gartinhour, 3 T. C. 482, we think, is applicable in the instant case. In the Gartinhour case, among other things, we said: While it is true that Cartinbour was given rather broad powers with respect to the management of the trust estate, they were given to him in the fiduciary capacity of trustee, and not as an individual. As heretofore pointed out, he did not have the power to alter, amend, revoke, or terminate the trust, nor could he vest title to the corpus in himself. The only benefit he could receive from the income was in the event he and his co-trustee exercised the discretionary power given to them to distribute it for the support, education, or assistance of the beneficiaries, his minor children. The discretionary power was not exercised and no part of the income was used for this purpose during the taxable years. In the instant case petitioner had no power to alter, amend, revoke, or terminate the trusts, nor could he vest title to the corpus or any part thereof in himself. The only benefit that he could receive from the income was in the event that Lillian S. Whiteley should exercise the discretionary power conferred upon her in the trust indentures to use so much of the income as she might think proper for the support, education, or maintenance of petitioner’s minor children. This power was not exercised in either of the taxable years which are before us. Our findings of fact show that three of the trusts terminated in the taxable years which are before us on account of the beneficiaries reaching the age of 21 years. In each such case the corpus of that particular trust, as well as all investments made from accumulated income, was turned over to the beneficiary. In case of the trusts which did not terminate because the children still remained minors, the income of each trust was turned over to Lillian S. Whiteley and she invested such income in such securities as she thought good investments and these securities, when purchased, were placed in the name of the beneficiary for whom purchased and retained for his benefit. In making such investments Lillian S. Whiteley always sought the advice of her husband, the petitioner, and, so far as the record shows, she always followed that advice. In doing so we see nothing adverse to petitioner so far as the decision of this case is concerned. We think it was the perfectly natural thing to do under the circumstances of the case. J. O. Whiteley was an experienced investor. Lillian S. Whiteley was not experienced in such matters. Considering all the facts in the record, which we have endeavored to set forth fully in our findings of fact, we do not think there is any more reason to say that the income of the several trusts was taxable to the petitioner under section 22 (a) than there was in such recent cases decided by this Court as David Small, 3 T. C. 1142; Herbert T. Cherry, 3 T. C. 1171; and Estate of Benjamin Lowenstein, 3 T. C. 1133. Respondent's contention that the net income of the trusts is taxable to petitioner under section 22 (a) is not sustained. We shall next take up respondent’s request that, if we should hold that Helvering v. Clifford, supra, is not controlling and that the respondent’s determination is supported only by Helvering v. Stuart, supra, we then make specific findings of fact and of law in that regard so that the respondent may determine whether relief should be afforded petitioner under section 134 of the Revenue Act of 1943 and the regulations promulgated thereunder. Section 134 of the Revenue Act of 1943 [1] consummated a retroactive legislative repeal of the Stuart case. See David Small, supra. With respect to the Stuart case, petitioner first argues that case has no application because petitioner, himself, had no power to use any of the income of the trust for the support, education, and maintenance of his minor children. He says that power was-lodged solely in the discretion of his wife, Lillian S. Whiteley, and that under the terms of the trust she possessed a substantial adverse interest as that term is used in section 167 (a) (2) of the applicable revenue acts. Petitioner next contends that, even if he is in error in contending that Lillian S. Whiteley had a substantial adverse interest to petitioner and therefore the Stuart case is applicable, nevertheless, section 134 of the Revenue Act of 1943 is applicable and should be applied, under the facts, in petitioner’s behalf. On this point the petitioner states in his brief, among other things, as follows: The record in this case shows that returns were filed lor each of the trusts; that the income of the trust was included in that return for each of the years in question that the trust was in existence, and the taxes thereon were paid by the trustee. The petitioner individually and the petitioner as trustee has always contended that the income was properly taxable to the trusts as shown by the returns. In the event further consents are essential or necessary, the petitioner is ready and willing to file such consents. Therefore, both parties seem to agree that section 134 of the Revenue Act of 1943 is applicable. For this reason it seems unnecessary for us to take up and decide petitioner’s contention that Lillian S. Whiteley possessed an adverse interest to that of petitioner and therefore the Stuart case is not applicable. Section 134 of the Revenue Act of 1943 would seem to afford the petitioner the necessary relief ev.en if the income of the trusts would be otherwise taxable to him under the doctrine of the Supreme Court’s decision in the Stuart case. We so hold. Cf. W. C. Cartinhour, supra. Decision will he entered under Rule 50. (a) Income for Benefit of Grantor. — Section 167 (relating to income for benefit of grantor) is amended by adding at the end thereof the following subsection : “(c) Income of a trust shall not be considered taxable to the grantor under subsection (a) or any other provision of this chapter merely because such income, in the discretion of another person, the trustee, or the grantor acting as trustee or cotrustee, may be applied or distributed for the support or maintenance of a beneficiary whom the grantor is legally obligated to support or maintain, except to the extent that such income is so applied or distributed. * * *”